**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,  )<br>          Plaintiff,                )<br>                                     )<br>v.                                        )     Case No.:<br>                                     )<br>HANK'S DAIRY BAR, INC. and        )<br>STEVEN DEVOST, JR. PPA ROBERT    )<br>NACCARATO, ESQ.,                   )<br>          Defendants.             )| |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1.      This is an action for declaratory relief pursuant to the provisions of the Declaratory Judgments Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, seeking a declaration of rights, duties, status and other legal relations between the parties.

2.      The Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration in this action that no coverage is afforded to the Defendant, Hank's Dairy Bar, Inc. ("Hank's Dairy"), under a certain insurance policy issued by Atain to Hank's Dairy with respect to a lawsuit filed by Steven Devost, Jr. PPA Robert Naccarato, Esq. ("Underlying Plaintiff") in the New London County Superior Court, Civil Action No. 19-6039287-S ("Underlying Lawsuit").

3.      Atain issued a Commercial General Liability Policy to Hank's Dairy, Policy No. CIP313250, with an effective date of May 21, 2017 through May 21, 2018 ("Policy").  A true and correct copy of the Policy is attached hereto and incorporated herein as Exhibit 1.

4.      Hank's Dairy seeks insurance coverage under the Policy for the Underlying Lawsuit.  Atain seeks by this litigation to confirm that it has no duty to defend or indemnify Hank's Dairy under the Policy for the Underlying Lawsuit.

5.      Therefore, an actual and justiciable controversy exists between the parties to this action regarding insurance coverage for the Underlying Lawsuit under the Policy, and an entry of declaratory judgment is required to resolve the controversy.

## THE PARTIES

6.      The Plaintiff, Atain Specialty Insurance Company, is incorporated under the laws of the State of Michigan with a usual place of business at 30833 Northwestern Hwy., Ste. 220, Farmington Hills, MI 48334 and is duly licensed to issue Commercial Lines Policies in the State of Connecticut.

7.      The Defendant, Hank's Dairy Bar, Inc., is incorporated under the laws of Connecticut with a usual place of business at 1006 Norwich Road, Plainfield, CT 06374.

8.      The Defendant, Steven Devost, Jr. PPA Robert Naccarato, Esq., is a resident and citizen of Connecticut.

## JURISDICTION AND VENUE

9.      Jurisdiction is with this Honorable Court pursuant to 28 U.S.C. § 1332(a), as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).  Atain and Hank's Dairy are and have at all relevant times been citizens of different states.

10.      Venue is appropriate under 28 U.S.C. § 1391 because the Underlying Lawsuit and the incident for which coverage is sought are both located in this District.

## STATEMENT OF FACTS
## THE UNDERLYING LAWSUIT

11.      The Underlying Plaintiff initiated the Underlying Lawsuit by filing a complaint against Hank's Dairy on or about February 7, 2019 ("Underlying Complaint").

A true and correct copy of the Underlying Complaint is attached hereto and incorporated by reference as Exhibit 2.

12.     According to the Underlying Complaint, at all relevant times, Hank's Dairy owned and operated a farm located at 1006 Norwich Road in Plainfield, Connecticut ("Premises") and invited the public onto said Premises.  Exhibit 2, at ¶ 4.

13.     Hank's Dairy possessed and/or controlled the Premises and oversaw the activities taking place on the Premises.  Id. at ¶ 5.

14.     Hank's Dairy provided "large inflatable balls" for children to play with on the Premises.  Id. at ¶ 6.

15.     The Underlying Complaint also refers to the large inflatable balls as "oversized industrial inflatable balls."  Id. at ¶ 9.

16.     Hank's Dairy encouraged children to push the subject large inflatable balls down a hill on the Premises.  Id. at ¶ 7.

17.     On June 25, 2017, the Underlying Plaintiff was picked up by the large inflatable ball and thrown to the ground causing him to suffer injuries.  Id. at ¶ 8.

18.     The Underlying Plaintiff alleges that the negligence of Hank's Dairy caused his injuries.  Id. at ¶ 9.

19.     No other causes of action have been asserted against Hank's Dairy.  Id.

## COUNT I – COVERAGE UNDER THE POLICY IS PRECLUDED BY THE EXCLUSION – CLIMBING, TRAMPOLINES, MECHANICAL RIDES, BOXING GAMES AND INTERACTIVE GAMES ENDORSEMENT

20.     Atain hereby reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 19 hereof as though fully set forth herein.

21.     The Policy contains a Commercial General Liability Coverage Form

which provides, in relevant part, that "Various provisions in this policy restrict coverage.

Read the entire policy carefully to determine rights, duties and what is and is not

covered."  Exhibit 1.

22.     The Policy contains an endorsement entitled **EXCLUSION –**

**CLIMBING, TRAMPOLINES, MECHANICAL RIDES, BOXING GAMES AND**

**INTERACTIVE GAMES** (No. AF001434 (09/16)) ("Games Exclusion").  Id.

23.     The Games Exclusion provides, in relevant part, that:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Id.

24.     The Games Exclusion further provides, in relevant part, that:

This insurance does not apply and there shall be no duty to defend
or indemnify any insured for any "occurrence", "suit", liability,
claim, demand or cause of action arising, in whole or part, out of
the ownership, maintenance, operation, set-up, take-down,
participation in, or any other use by any person, of any of the
following:

a.      Rock climbing walls, Velcro walls or other scaling devises;
b.      Gym or Gymnastics Equipment;
c.      Trampolines or any other rebounding devices;
d.      Moon Bounces, Moon Walks, Space Walks or other
        inflatable games or devices;
e.      Laser tag, paintball games, or sumo wrestling;
f.      Bungee games, human spheres, or water slides;
g.      Boxing games, punching games, or any games that involve
        kicking;
h.      Advertising balloons, rooftop balloons, helium blimps or
        similar devises;
i.      Any mechanical ride or riding device; or
j.      Any other game or device that measures or requires the use
        of any physical force or strength.

4

<u>Id.</u>

25.     The Underlying Complaint alleges that the Underlying Plaintiff was injured by a "large inflatable ball" which is also described as an "oversized industrial inflatable ball."  Exhibit 2, at ¶¶ 6, 9.

26.     A large inflatable or oversized industrial inflatable ball constitutes "other inflatable games or devices" as stated in the Games Exclusion.

27.     A large inflatable or oversized industrial inflatable ball constitutes "any game that involves kicking" as stated in the Games Exclusion.

28.     A large inflatable or oversized industrial inflatable ball constitutes "any other game or device that measures or requires the use of any physical force or strength" as stated in the Games Exclusion.

29.     As such, the Underlying Lawsuit and the Underlying Plaintiff's alleged injuries arose out of, in whole or part, the ownership, maintenance, operation, set-up, take-down, participation in or any other use by any person of (a) an inflatable game or device, (b) a game that involves kicking and/or (c) a game or device that measures or requires the use of any physical force or strength.

30.     Accordingly, the Games Exclusion operates to exclude coverage under the Policy for the Underlying Lawsuit and Atain has no duty to defend or indemnify Hank's Dairy with respect to the Underlying Lawsuit.

**PRAYERS FOR RELIEF**

WHEREFORE, Atain respectfully requests that this Honorable Court adjudicate and declare the rights of the parties and that this Court:

1.      Declare that Atain has no duty under the Policy to defend Hank's Dairy in the

Underlying Lawsuit;

2.      Declare that Atain has no duty under the Policy to indemnify Hank's Dairy

with respect to the claims alleged against it in the Underlying Lawsuit;

3.      Declare that all parties are bound hereto by the judicial declarations entered

herein, which terminate the instant controversy among the parties; and

4.      Grant such other relief to which Atain may be entitled and which the Court

deems proper, including but not limited to Atain's costs and attorney's fees

arising from this action.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ANY ISSUE PRESENTED
HEREIN THAT IS PROPERLY SO TRIABLE.**

Dated:  July _____, 2019                              Respectfully Submitted,
                                                                      The Plaintiff,
                                                                      Atain Specialty Insurance Company,
                                                                      By its attorneys,


                                                                      _____/s/ Thomas M. Tang_____
                                                                      Thomas M. Tang (ct30769)
                                                                      ttang@tangmaravelis.com
                                                                      Stephanie S. Berry (ct21807)
                                                                      sberry@tangmaravelis.com
                                                                      TANG & MARAVELIS, P.C.
                                                                      88 Howard Street, Suite A1
                                                                      New London, CT 06020
                                                                      Phone:  (860) 443-8900
                                                                      Fax:  (860) 443-8906